**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FUSIONMEDIA VENTURES, LLC,

    *Plaintiff,*

-against-                      Case No. 1:26-cv-03039-JMF

SPORTORITY INC. d/b/a MINUTE MEDIA,

    *Defendant.*

## [PROPOSED] STIPULATION AND PROTECTIVE ORDER

WHEREAS, Plaintiff FUSIONMEDIA Ventures, LLC ("FusionMedia") and Defendant Sportority Inc. d/b/a Minute Media ("Minute Media") (together, the "Parties," each a "Party"), expect discovery in the above-captioned action, including any appeals therefrom (this "Litigation"), to encompass certain information that may constitute proprietary, confidential, commercially sensitive, trade secrets and/or other confidential research, development, business, or commercial information;

WHEREAS, the disclosure or dissemination of such information, in an unprotected manner, may cause substantial harm to the Parties and/or nonparties, including loss of competitive advantage, loss of existing business, and loss of business opportunities;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored protective order governing the pretrial phase of this action; and

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives,

1

agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms of this Protective Order, which shall govern the handling of documents, depositions, deposition transcripts, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among all Parties and non-parties to the Litigation (including all copies, abstracts, digests, notes, and summaries thereof, as well as any and all information contained therein or derived therefrom) in connection with the Litigation (such information is referred to herein as "Protected Material"):

1.     Definitions: The following shall apply to this Protective Order:

a.     "Confidential Information" shall mean Protected Material designated as CONFIDENTIAL under the terms of Paragraph 2 of this Protective Order, and the sum, substance, and/or contents of such documents, materials, and information, and any copies, drafts, excerpts, notes, memoranda, and summaries thereof or relating thereto.

b.     "Disclosure" and "disclosed" as used in this Protective Order include, without limitation, allowing or failing to take reasonable steps to prevent: (1) visual inspection of designated Protected Material (or any summary, description, abstract, or index thereof) by an individual not authorized under this Protective Order, or (2) any communication disclosing the substance of designated Protected Material or the specific terms detailed therein (or any summary, description, abstract, or index thereof) to an individual not authorized under this Protective Order. The Parties agree, however, that nothing herein shall prevent the Parties' counsel from giving legal advice to their respective clients based on Protected Materials covered by this Protective Order.

337236711v.2

c.      "Documents" means all written, recorded, transcribed, electronic, digitized, computerized, or graphic material, produced by any Party or non-party in connection with the Litigation (whether by agreement or otherwise), including any copies, abstracts, digests, and summaries thereof.

d.      "Highly Confidential Information" shall mean Protected Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (alternatively "Confidential – Attorneys' Eyes Only") under the terms of Paragraph 3 of this Protective Order, and the sum, substance, and/or contents of such documents, materials, and information, and any copies, drafts, excerpts, notes, memoranda, and summaries thereof or relating thereto.

e.      "Producing Party" shall mean any Party to this Litigation or any third party, including its counsel, retained experts, directors, officers, employees, or agents, that produces any material in connection with this Litigation.

f.      "Receiving Party" shall mean any Party to this Litigation that receives material from a Producing Party in connection with this Litigation.

2.      <u>Designation of Protected Materials as CONFIDENTIAL</u>

a.      A Producing Party may designate the Protected Material, or any part thereof, as CONFIDENTIAL by stamping each page containing such matter with "CONFIDENTIAL." Only Documents and information that the Producing Party believes in good faith embody, contain, reflect, or refer to non-public or confidential personal, business, strategic, proprietary, or commercially sensitive information (including, but not limited to, proprietary, non-public business information relating to past, current, or future financial or business performance, development plans, internal strategy, or internal

3

planning processes) not appropriate for public disclosure under Rule 26(c) of the Federal Rules of Civil Procedure shall be designated as CONFIDENTIAL. Nothing in this Protective Order shall be construed to limit how a Producing Party may maintain or disclose its own Confidential Information.

b.    Unless otherwise ordered by the Court, Confidential Information shall be maintained in confidence and kept solely for use in connection with this Litigation and shall not be used in any way for any other purpose, including any business purpose, and such materials shall not be disclosed to any person except:

i.    Subject to Paragraph 10 of this Protective Order, an officer, director, or any other senior executive employee of a named Party, as well as any employee that is identified as a witness or potential witness, to the extent that such person has a need to review the Confidential Information in connection with the prosecution or defense of this Litigation and to the extent that such person is informed of his or her obligations under this Protective Order;

ii.    Outside counsel of record for the Parties in this Litigation, and the partners, associates, of counsel, paralegals, secretaries, clerical, and regular and temporary employees or contractors who are assisting with the Litigation for use in accordance with this Protective Order;

iii.    Subject to Paragraph 7 of this Protective Order, an expert or consultant assisting counsel for the Parties, and the partners, associates, of counsel, paralegals, secretaries, clerical, regular and temporary employees and contractors, and service vendors of such experts or consultants (including outside copying

4

services and outside litigation support services) who are assisting with this Litigation;

iv.     During deposition, any witness: (i) whom the examining attorney has a good faith basis to believe has previously seen or has knowledge of the Confidential Information under circumstances not amounting to a violation of this Order; (ii) who is a current director, officer, employee, and/or agent of the Producing Party; or (iii) such other persons as the Parties may designate in writing by stipulation or orally agree on the record at a deposition or hearing in this Litigation;

v.     Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

vi.     The Court (including the jury in this Litigation) and its legal, clerical, secretarial, and other supporting staff and assistance, including a stenographic reporter or certified videotape operator engaged in such proceedings, who are a necessary incident to trial of this Litigation and/or preparation of this Litigation for trial;

vii.     Any mediator and/or arbitrator agreed upon by the Parties or ordered by the Court, and persons employed by the mediator;

viii.     Independent litigation support services, including outside copying/imaging services, outside litigation support services, electronic discovery vendors, vendors engaged to prepare graphic or visual aids, jury or trial consulting

5

services, and mock jurors retained by counsel and reasonably necessary to assist counsel with the Litigation;

ix.    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Protected Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

3.    <u>Designation of Protected Material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>

a.    Protected Material designated as CONFIDENTIAL in accordance with this Protective Order may further be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if such materials contain trade secrets or highly sensitive business information that has not been made publicly available and that counsel of record believes in good faith would create a risk of harm to personal, commercial, financial, strategic, or business interests of the Producing Party or its employees, customers, or clients, or would put the Producing Party at a material competitive disadvantage, if such information were disclosed to officers and employees of the Party to which such information is produced. Nothing in this Protective Order shall be construed to limit how a Producing Party may maintain or disclose its own Highly Confidential Information.

b.    Any Party may designate Protected Material or any portions thereof as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by stamping each page containing such matter with "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

337236711v.2

c.      Unless otherwise ordered by the Court, Highly Confidential Information shall be maintained in confidence solely for use in connection with this Litigation and shall not be used in any way for any other purpose, including any business purpose, and such materials shall not be disclosed to any person except those individuals identified in sections: 2(b)(ii)-(ix), above.

4.      <u>Designation of Deposition Transcripts or Other Pre-Trial Testimony</u>. Depositions or other pretrial testimony may be designated as Confidential Information or Highly Confidential Information in the following manner: by (i) a statement on the record, by counsel, that certain information or testimony is Confidential Information or Highly Confidential Information, or (ii) written notice, sent by counsel to all Parties within thirty (30) business days of receipt of the final transcript, stating that the entire deposition transcript or testimony, or portions thereof, is so designated. All depositions and other pretrial testimony will be deemed to be HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the expiration of the thirtieth business day after counsel receives a copy of the final transcript thereof, after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. Only those portions of the transcripts or testimony designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY in the Litigation will be deemed CONFIDENTIAL material or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY material, respectively. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through an agreement on the record at such deposition or testimony, without further order of the Court.

5.      <u>Designation of Documents Produced by Non-Parties</u>. The terms of this Protective Order shall apply to materials produced in connection with this Litigation by a non-party and

7

designated by the non-party as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.

6.　Use of Protected Materials In Court. Nothing contained in this Protective Order shall prevent a Party from using Protected Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or from referring to or reciting any information contained in such materials, in proceedings that are part of this Litigation and before this Court, including motion papers, affidavits, briefs, or other papers and depositions filed with the Court, or at any hearing, conference, or trial before the Court.

7.　Sharing Confidential and Highly Confidential-Attorneys' Eyes Only Protected Materials with Experts and Consultants. CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Protected Materials may be disclosed to an expert or consultant only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any adverse party of any Party to this Litigation, as far as the expert or consultant can reasonably determine, and (ii) is using said CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Protected Material solely in connection with this Litigation; and further provided that such expert or consultant, if provided access to HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material, agrees to be bound by the terms of this Protective Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material to any person required to execute an undertaking

8

337236711v.2

pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

a.    Prior to a Receiving Party giving, showing, disclosing, making available, or communicating HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material to any expert or consultant, the Receiving Party shall provide to the Producing Party a copy of the expert's or consultant's curriculum vitae and a copy of the Undertaking in the form attached as Exhibit A, signed by the proposed expert or consultant agreeing to be bound by the terms of this Order.

b.    The Producing Party shall be entitled to object to such disclosure to the expert or consultant within five (5) business days after receipt of the executed copy of Exhibit A. In the event an objection is made, counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure. If an agreement cannot be reached, the objecting party shall make an appropriate motion to the Court within ten (10) business days of the failure to reach agreement regarding the proposed disclosure. The burden shall be on the objecting party to show the Court why the disclosure should not be made. If an objection is made, no Protected Material shall be made available to the person at issue unless and until the Court rules that disclosure is permitted.

8.    Additional Disclosures. The Parties may agree in writing or on the record, without further order of this Court, to allow disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material to an individual who otherwise would not be authorized to receive such Protected Material.

9.    Objections. Should any Party to whom Protected Materials are disclosed at any time thereafter object to the designation of such information as CONFIDENTIAL or HIGHLY

337236711v.2

CONFIDENTIAL-ATTORNEYS' EYES ONLY, it shall make its objection known to the Producing Party in writing and request any change of designation or redaction that is desired. The Parties shall confer concerning such objection within seven (7) calendar days. If a resolution is not achieved within seven (7) calendar days after receipt of such written notice, then the objecting party may submit the dispute to the Court for resolution, subject to the Judge's Individual Rules and Practices in Civil Cases. Upon submission of such dispute to the Court, the Parties acknowledge that it is their intention that the issues concerning the confidentiality of any Documents or information disclosed hereunder be determined under and pursuant to the Federal Rules of Civil Procedure and the legal authorities applicable thereto as the same may then be in effect. Until said dispute is resolved by the Court, the Documents or information shall retain their designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY and thereafter shall be designated as the Court may direct, provided that nothing contained herein shall be deemed to waive or otherwise limit the right of any Party to appeal or seek review from the determination by the Court of any such dispute. On any motion brought before the Court by the objecting Party, the burden of proof and persuasion shall be on the designating Party to demonstrate to the Court that the Documents or information disclosed should be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, provided that the Producing Party files an appeal or writ of mandamus from such Order within seven (7) calendar days, and such designation shall remain in effect until the final determination of such appeal or writ of mandamus.

10.      Receipt of Protected Materials. No person receiving Protected Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY shall disclose such materials or any information contained therein to any person who is not entitled to receive

10

337236711v.2

such materials under Paragraphs 2 or 3. Each person to whom Protected Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY are disclosed pursuant to this Order shall be advised that such information is being disclosed pursuant to, and subject to the terms of, an order of the Court and that the sanctions for any violations of the Order may include penalties which may be imposed by the Court for contempt. Further, it shall be the responsibility of the Party wishing to disclose Protected Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY to any person pursuant to Paragraphs 2(b)(i), (iii), (ix) and 3(c), above, to ensure that such person executes an Undertaking in the form attached as <u>Exhibit A</u> hereto, before gaining access to any such material. Each Party shall maintain copies of such Undertakings and shall make such copies available to the other Party upon request or order of the Court.

11.    <u>Inadvertent Failure to Designate Protected Materials as Confidential or Highly Confidential-Attorneys' Eyes Only</u>. Inadvertent failure to designate Protected Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY any Protected Material that has already been produced, including Protected Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, by notifying, in writing, the Party to whom the production has been made that the Protected Material constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material, as appropriate. Upon receiving such supplemental notice, the Parties shall mark and treat the Protected Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material, as appropriate,

337236711v.2

from the date of such supplemental notification forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material, as appropriate. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Protected Material prior to its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY shall exercise its best efforts (i) to ensure the return or destruction of such Protected Material in the possession of any persons not authorized to receive such material under this Protective Order, (ii) to ensure that any Documents or other information or materials derived from such Protected Material are treated as if the Protected Material had been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, as appropriate, when originally produced, and (iii) to ensure that such Protected Material is not further disclosed except in accordance with the terms of this Stipulation and Protective Order. Any use or disclosure of such newly designated information that occurred prior to a Party receiving such supplemental written notice and that was otherwise permitted under the terms of this Protective Order shall not constitute a violation of this Protective Order as a result of the new designation.

12.    <u>Inadvertent Disclosures</u>. The Parties shall take all steps reasonably required to protect the confidentiality of Documents produced in this action. In the event that CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material is inadvertently disclosed by the Receiving Party to any unauthorized person or entity, such material shall not lose its confidentiality status by reason of such inadvertent disclosure. The Party responsible for the disclosure shall immediately inform the Producing Party of all pertinent

12

337236711v.2

facts relating to the disclosure, including, if known, the name, address, and employer of each person to whom the disclosure was made. Without prejudice to the rights and remedies of the Producing Party, the Party responsible for the disclosure shall also make reasonable efforts to retrieve the improperly disclosed CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure of any material designated under this Order by each person who receives the information.

13.     Inadvertent Production of Privileged Material. If a Party has inadvertently produced to another Party information that is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure, the Receiving Party, upon request made promptly after the Producing Party discovers such inadvertent production, shall promptly return the information for which a claim of inadvertent production is made and destroy all copies thereof. Inadvertent production by the Producing Party shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity.

a.     If a Producing Party unintentionally or inadvertently discloses information that it believes is protected, privileged, or otherwise immune from discovery, the Producing Party shall, within ten (10) business days upon discovery of the disclosure, so advise the Receiving Party in writing, and request the information be returned or destroyed. To the extent the privileged or protected information is responsive to the opposing party's requests for production, the written notice must include a privilege log identifying the privileged or protected information and the attorney(s) involved in the communication. If that request is made, no Party to this Litigation shall thereafter assert on the basis that the disclosure waived any privilege or immunity. If a Receiving Party receives information that the

13

Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

b.      A Receiving Party that contests a Producing Party's privilege or protection designation shall, as an initial step, contact the Producing Party in writing and confer in good faith to resolve the dispute within seven (7) calendar days. If the parties are unable to resolve the dispute, the Receiving Party may apply to the Court for a determination as to whether the privilege or protection designation is appropriate. The party asserting privilege or protection bears the burden of proving the material is privileged or protected. Pending resolution of such dispute, the Receiving Party shall continue to treat the material as privileged or protected in accordance with this Paragraph.

c.      When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of such information; (2) shall immediately take reasonable steps to retrieve the information from others to whom the Receiving Party disclosed the information; (3) shall immediately, and not later than ten (10) calendar days after receipt of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies, summaries, compilations, or portions thereof; and (4) shall confirm to the Producing Party the destruction under (3), above, of all copies of the information not returned to the Producing Party. The Receiving Party may make no use of the privileged or protected information during any aspect of this Litigation or any other matter, including in depositions or at trial, unless the documents are later designated by a court of competent jurisdiction as not privileged or protected. The contents of the privilege or protected

14

337236711v.2

information shall not be disclosed to anyone who was not already aware of the contents before the notice was made. If the Receiving Party has any notes or other work product reflecting the contents of the privileged or protected information, the Receiving Party will not review or use those materials unless a court of competent jurisdiction later designates the privileged or protected information as not privileged or protected. No one shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived and no inadvertent production will constitute any waiver. The cost, if any, for excising such documents or materials by the Receiving Party shall be borne by the Producing Party. Notwithstanding this provision, no Party or its outside counsel shall be required to return or destroy any information that may exist on any disaster recovery backup system.

d.    To the extent that any such inadvertently produced material has been used, included, referenced, or summarized in a pleading, deposition, or other proceeding, nothing in this Paragraph shall require a Receiving Party to purge, redact, or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material. Upon a request for return of the inadvertently produced material, the Receiving Party shall refrain from any further use or dissemination of the inadvertently produced material pending determination of the privilege status of the inadvertently produced material pursuant to this Order and all applicable laws and rules.

14.    <u>Destruction or Return of Protected Materials</u>. Within ninety (90) days after this Litigation is finally terminated and all available appellate remedies have been exhausted, all Protected Materials produced in the case, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall be destroyed or returned

15

to counsel for the Party who initially produced such materials. This Paragraph shall not apply to Protected Materials that were attached to any submissions filed with the Court or that had been previously permanently discarded or then so discarded, provided that counsel for the Receiving Party certifies in writing to the Producing Party within the applicable time period that such materials have been permanently discarded. Notwithstanding the foregoing, this provision does not require the deletion of information that may reside on electronic back-up, disaster recovery, or business continuity systems in the normal course of business, nor does it require the deletion of attorney work product which refers or is related to any Protected Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY for archival purposes only. Counsel are permitted to retain an archival copy of their file, even if such materials contain information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, however such archival copy may not be shared, provided or disclosed to the Party after the above period subsequent to the final termination of the Litigation. Any such archival copies that contain or constitute information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY shall otherwise remain subject to this Order.

15.     Subpoenas or Other Compulsory Processes Seeking Production of Protected Material Subject to this Order. If any person in possession of CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Protected Material produced or designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY by a Producing Party (collectively, a "Demand"), the Receiver shall

16

337236711v.2

give written notice by email to counsel for the Producing Party (or Producing Parties) within five (5) business days of receipt of such Demand (or if a response to the Demand is due in less than five (5) business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), enclosing a copy of the Demand. The Receiver must also notify the party issuing the Demand that the materials sought are subject to this Order.

16.    This Order shall not affect any Party's right to object to the use in this Litigation on any ground, or to use in any manner, its own Documents or other documents lawfully obtained from a third party. Consent to and entry of this Order shall not restrict the right of any Party to file an application for an order seeking modification of this Order or further protection.

17.    Neither this Order nor the designation of any Protected Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY shall constitute an admission or acknowledgment by any Party that any such Protected Material is, in fact, confidential, proprietary, or otherwise protectable. The fact that Protected Material has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY shall in no way prejudice the right of any Party to contest the confidential or proprietary nature of any Protected Material, at the time of trial or otherwise.

18.    The Parties agree that attorney-client communications related to this matter dated on or after the date of the first Complaint in this Litigation shall not be discoverable, nor shall the Party be required to identify these communications on a privilege log.

19.    The Court shall determine at the time of trial what legend, if any, shall be permitted to appear on CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material used as exhibits to be shown to the jury and entered in evidence.

17

337236711v.2

20.     This Order shall not prejudice or affect any Party's right to object to the authenticity or admissibility of any CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Protected Material used as evidence at the time of trial.

21.     Third parties can avail themselves of the protections of this Order to maintain the confidentiality of Protected Material containing sensitive or proprietary business or financial information by executing a duplicate of this Order and serving a copy thereof on all counsel of record and thereafter producing Documents in response to a subpoena in accordance with this Order.

22.     This Order shall become binding upon the Parties to this Order immediately upon its being lodged or filed with the Court in this action and shall remain in effect following the termination of this Litigation absent an order of this Court to the contrary.

23.     By entering this Order and limiting the disclosure of information in this Litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

24.     All persons seeking to file redacted documents or documents under seal with the Court shall follow the applicable provisions of the Federal Rules of Civil Procedure, the presiding judges' rules, and the rules and standing orders of the U.S. District Court for the Southern District of New York. The Parties shall use their best efforts to minimize such sealing.

337236711v.2

25.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

26.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material.

27.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it/they immediately shall notify the Producing Party of the same and cooperate with the Producing Party to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

28.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

19

337236711v.2

**SO STIPULATED AND AGREED:**

**For Plaintiff FUSIONMEDIA Ventures, LLC:**

LEVIN-EPSTEIN & ASSOCIATES, P.C.


By:    */s/ Joshua Levin-Epstein*
      Joshua Levin-Epstein, Esq.
      Jason Mizrahi, Esq.
      420 Lexington Avenue, Suite 2458
      New York, NY 10170

Dated: June 26, 2026


**For Defendant Sportority Inc. d/b/a Minute Media:**

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP


By:    */s/ Dara S. Elpren*
      Adam R. Bialek, Esq.
      Sarah Fink, Esq.
      Dara S. Elpren, Esq.
      150 East 42 Street
      New York, NY 10013

Dated: June 26, 2026

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp*., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**SO ORDERED:**

_____

**HON. JESSE M. FURMAN**
United States District Judge


Dated: June 29, 2026
      _____

337236711v.2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FUSIONMEDIA VENTURES, LLC,

    *Plaintiff,*

-against-                                 Case No. 1:26-cv-03039-JMF

SPORTORITY INC. d/b/a MINUTE MEDIA,

    *Defendant.*

**EXHIBIT A**
**UNDERTAKING REGARDING CONFIDENTIALITY**

Upon consideration of being granted access to the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY material produced in the Litigation, _____ hereby agrees, certifies, and undertakes as follows:

1. I have read the foregoing Stipulated Protective Order (the "Protective Order") in the above-captioned action.

2. I understand the terms of the Protective Order, and I agree to be bound by its terms and conditions with respect to any documents, materials, or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" that are furnished to me as set forth in the Protective Order.

3. I further agree: (a) not to disclose to anyone any Documents, materials, or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" other than as set forth in the Protective Order; (b) not to make any copies of any Documents, materials or information designated CONFIDENTIAL or HIGHLY

21

CONFIDENTIAL-ATTORNEYS' EYES ONLY except in accordance with the Protective Order; (c) not to use any documents, materials, or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY except in accordance with the Protective Order; and (d) to destroy or return to the Party who provided me with such CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY materials all copies (including excerpts and summaries) thereof, within thirty (30) calendar days of a request to destroy or return such materials or the termination of this action, whichever comes first.

4. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York with regard to any action or proceeding to enforce the terms and conditions of this Protective Order and this Undertaking.

_____
Signature

Sworn to and subscribed before me this ___ day of ___, 202_.

_____
Notary Public

22

337236711v.2