WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

September 2, 2026

**Dara Elpren**
212.915.5253 (direct)
Dara.Elpren@WilsonElser.com

VIA ECF
The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

Re: *FUSIONMEDIA Ventures, LLC v. Sportority Inc. d/b/a Minute Media*
Case No. 1:26-cv-03039-JMF
Request to Stay Discovery
Wilson Elser File No: 28080.00001

Dear Judge Furman:

Wilson Elser represents defendant Sportority Inc. d/b/a Minute Media ("Minute Media") in the above-referenced action. We write to request that the Court issue a stay of discovery in this matter until the Court rules on Minute Media's pending motion to dismiss. We anticipate that, at the very least, there will be an amendment to the pleading needed, and to start discovery while the motion is pending will only increase the expense for all parties. We have requested confirmation from Plaintiff's counsel about whether he would like to join in this request, but have yet to receive his response at the time of this filing.

**Case Status**

Minute Media filed a motion to dismiss this matter on August 27, 2026. ECF No. 35. The Court issued a briefing schedule for this motion on August 28, 2026. ECF No. 41. Under this schedule, Plaintiff is to file an amended complaint or an opposition to the motion to dismiss by no later than September 19, 2026. If Plaintiff files an opposition to the motion, Minute Media's reply brief is due no later than September 24, 2026. Pursuant to the Case Management Plan and Scheduling Order (ECF No. 32), discovery is scheduled to begin on September 10, 2026, with the exchange of initial disclosures. Discovery is then scheduled to proceed quickly; fact discovery is set to close on January 28, 2027.

Minute Media's motion to dismiss alleges that Plaintiff failed to adequately plead any cause of action under 12(b)(6). The motion also argues that Plaintiff lacks standing to sue under the only governing document in this matter, a mutual non-disclosure agreement (the "NDA") signed by an

entity that did not exist at the time that the NDA was executed and is not the Plaintiff in this case. Plaintiff, too, did not exist as an entity at the time that the NDA was executed. Plaintiff, non-existent at the time of the NDA, cannot have been a third-party beneficiary of the NDA, and cannot, under the terms of the NDA, be a proper assignee. Therefore, Plaintiff cannot, under any understanding, have a basis to seek relief under the NDA. Insofar as these elemental issues will significantly impact discovery that may be propounded, discovery should be stayed.

**Argument**

Rule 26(c) of the Federal Rules of Civil Procedure permits a court a stay discovery "for good cause shown." Fed. R. Civ. Proc. 26(c).

As a threshold matter, a court cannot hear a case unless it has proper subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 517-18 (1975) ("The rule of standing, whether as aspects of the Art. III case-or-controversy requirement or as reflections of the prudential considerations defining and litigating the role of the courts, are threshold determinants of the propriety of judicial intervention."). As asserted in the motion to dismiss, Plaintiff lacks standing here, and this Court does not have subject matter jurisdiction over this case. *See, e.g., Phoenix Light Sf. V. Bank of N.Y. Mellon*, No. 14-cv-10104, 2022 U.S. Dist. LEXIS 4013, at *14 (S.D.N.Y. Jan. 7, 2022) ("[P]rudential standing is a matter of subject-matter jurisdiction.").

Good cause therefore exists to stay this matter pending a decision on the motion to dismiss. If the Court holds that Plaintiff does not have subject matter jurisdiction and it therefore cannot hear this case, any engagement in discovery activities would be an unnecessary burden and expense for both parties. *See, e.g., Comey v. United States DOJ*, No. 25-cv-7625, 2025 U.S. Dist. LEXIS 251970, at *2 (S.D.N.Y. Dec. 5, 2025) (Furman, J.). ("[I]t would be inappropriate to authorize discovery…until the Court confirms that it has subject-matter jurisdiction.").

In addition to subject matter jurisdiction and other threshold issues, a Court should consider the following factors to determine whether there is good cause to stay discovery pending a decision on a motion to dismiss: (1) the breadth of the discovery being sought along with the burden of responding to the discovery requests; (2) the strength of the motion to dismiss; (3) and the prejudice to the party opposing the stay. *See, e.g., Salvo Partners LLC v. City of New York*, No. 25-cv-2531, 2026 U.S. Dist. LEXIS 180471, at *1 (S.D.N.Y. Aug. 12, 2026).

Here, these factors support the granting of a stay. First, the burden of responding to the sure-to-be broad discovery requests would be completely unnecessary if the Court holds that it has no jurisdictional power to hear this case. Moreover, if discovery was to proceed now, it would be based on FusionMedia as the Plaintiff and would entail requests directed to FusionMedia. If the Complaint is allowed to be amended to substitute Beusse and Frank LLC or the individual members therein (a position that Minute Media still believes warrants dismissal), Minute Media would then need to reissue discovery to the new Plaintiff(s). This would result in unnecessary discovery and a waste of time and resources. Minute Media believes that the proper parties and the viability of their claims should be addressed before wasting any resources on discovery.

Second, the strength of the motion to dismiss, while not yet analyzed by this Court, is strong: the "memorandum of law in support of the motion provides substantial arguments for dismissal of the claims set out in the complaint." *Id*. at *2. "In resolving a motion to stay discovery, the Court's focus is on whether the defendant makes a strong showing that the plaintiffs' claims are unmeritorious and present substantial arguments for dismissal…not whether the arguments will ultimately succeed." *Id*. Here, Minute Media's motion is replete with case law from this district that, at the very least, provide some support for Minute Media's motion to dismiss the case. This factor therefore weighs in favor of a stay. Following decision on the motion, at the very least, Plaintiff will need to amend (or dismiss and refile) to remediate the problem of filing suit for the wrong entity. The named Plaintiff cannot assert claims under the NDA as it was not a party to it; the NDA could not have been assigned to the Plaintiff per the terms of the NDA; the Plaintiff was not a third-party beneficiary of the NDA; and, the Plaintiff (as well as the actual signatory to the NDA) was not in existence at the time the agreement was executed.

Third, the "only colorable prejudice to Plaintiff[] is the prejudice present in virtually every case in which a stay is sought." *Id*. Since Minute Media is obligated to preserve documents, a delay would not result in documents being lost, and therefore any prejudice to Plaintiff would be minimal.

For these reasons, and for good cause shown, Minute Media respectfully requests that this Court issue a stay of discovery until the pending motion to dismiss is decided. Minute Media is prepared to fully brief this matter if requested by the Court.

We thank the Court for its attention to this request.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ Dara S. Elpren*

Dara S. Elpren

cc: All Counsel of Record (by ECF)

The Court intimates no view on the merits of Defendant's pending motion. That said, the Court agrees that it would make sense to settle who the parties are and what claims survive the motion before proceeding with discovery. Accordingly, as an exercise of the Court's discretion over case management, discovery is stayed pending a ruling on Defendant's motion to dismiss.

The Clerk of Court is directed to terminate ECF No. 44.

SO ORDERED.

September 9, 2026